IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel Shannon, | ) | C/A No.: 6:11-cv-0519-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Bernard McKie; | ) | |
| Associate Warden Joyner; | ) | |
| Major Jackson; Captain Willie Davis; | ) | |
| Jane Doe One; Jane Doe Two; | ) | |
| Jane Doe Three; John Doe One; | ) | |
| John Doe Two; Kimberly Story; | ) | |
| Ofc. J. James; all in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the plaintiff's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"). The Magistrate Judge has recommended that the defendants' Motion for Summary Judgment be granted and that the plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. The Magistrate Judge has further indicated that if this court adopts his recommendation, then the plaintiff's pending nondispositive motions will be rendered moot. Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

1

I.    **Factual and Procedural History**

This case arose from a search of the plaintiff's cell on February 3, 2011 at the Maximum Security Unit of Kirkland Correctional Institution ("KCI"), where the plaintiff is serving a life sentence for murder. In his R&R, the Magistrate Judge has provided a thorough summary of the plaintiff's allegations and the administrative remedies that he has pursued through the Inmate Grievance Branch at KCI. The plaintiff filed the instant action alleging that defendants Warden Bernard McKie, Associate Warden Joyner, Major Jackson, Captain Willie Davis, Sergeant Kimberly Story, and Officer J. James violated his First, Fourth, Eighth, and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by confiscating certain property from his prison cell, conducting an illegal search of the cell, denying or hampering his ability to freely practice his religion, and searching his property outside of his presence.

On June 17, 2011 the defendants filed a motion for summary judgment. The Magistrate Judge issued a Roseboro Order advising the plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Thereafter, the plaintiff filed the following motions: Motion to Depose Defendants (ECF No. 32), Motion to Amend Complaint (ECF No. 33), Motion for Preliminary Injunction (ECF No. 35), Motion to Stay (ECF No. 39), Motion to Compel (ECF No. 40), Motion for Preliminary Injunction (ECF No. 44), Motion to Compel (ECF No. 45). In a Report and Recommendation issued by the Magistrate Judge on August 25, 2011, the Magistrate Judge denied the plaintiff's Motion to Depose Defendants and Motion to Amend Complaint. Additionally, the Motion to Stay and the Motions to Compel were dismissed

as moot. The Magistrate recommended that the first Motion for Preliminary Injunction be denied and that the second Motion for Preliminary Injunction be dismissed as moot. Because the plaintiff had only recently received the defendants' responses to his discovery requests, the Magistrate Judge extended his time to respond to the motion.

In response to the Magistrate Judge's R&R of August 25, 2011, the plaintiff filed objections. He also filed the following motions: Motion to Strike Affidavit of Kimberly Story (ECF No. 62), Motion to Prosecute Sgt. Kimberly Story and Officer Jacquan James (ECF No. 63), Motion to Stay (ECF No. 68), Motion to Compel (ECF No. 69). The Magistrate Judge then issued another R&R recommending that the defendant's Motion for Summary Judgment be granted and that the plaintiff's Complaint be dismissed without prejudice. The plaintiff then filed a motion to continue (ECF no. 74) as well as objections to the R&R.

## II.     Legal Standards

### A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1) (2006). From the objections, the court reviews *de novo* those portions of the R&R that

have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

### B.  Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In determining whether there is a genuine issue for trial, a federal district court must liberally construe a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### III. Analysis

In their Motion for Summary Judgment, the defendants assert that the plaintiff failed to exhaust his administrative remedies prior to filing this action. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006). As reported in the Magistrate Judge's R&R, the plaintiff has filed four grievances related to the search of his cell on February 3, 2011—the plaintiff has not received a final determination on any of the four grievances. Based on these facts, the Magistrate Judge has submitted that Plaintiff has failed to exhaust his administrative remedies and, thus, recommends that Defendants' Motion for Summary Judgment be granted. This court agrees.

The plaintiff has objected to the Magistrate Judge's recommendations, but his objections are unavailing. The plaintiff contends that the court cannot dismiss an entire case because some of the claims are unexhausted. (ECF No. 75, p. 2 (citing *Jones v. Bock*, 549 U.S. 199 (2007))). However, in this case, since the plaintiff has not received a final determination on any of his grievances, all of the plaintiff's claims are unexhausted. According to *Bock*, "[a]ll agree that no unexhausted claim may be considered." 549 U.S. 199, 219–20. As such, the plaintiff's argument that the court should "proceed[] with the good and leave[] the bad," only supports the Magistrate Judge's recommendation that all of the plaintiff's claims be dismissed.

Plaintiff further submits that he has complied with the South Carolina Department of Corrections ("SCDC") grievance system but that the defendants have failed to comply with SCDC policies and procedural guidelines because they have failed to investigate and resolve his grievances. The plaintiff further points out that he filed his grievances over 200 days ago and that they have yet to be resolved. However, the fact remains that the plaintiff waited only a few days between submitting an institutional grievance and commencing litigation; as such, he has not exhausted all of the administrative remedies available to him. And though the plaintiff characterizes the handling of his grievances as a failure, the Magistrate Judge has pointed out that the Plaintiff's grievances have been, or are being, processed by the Inmate Grievance Branch.

In his objections, the plaintiff cites language from a District of Connecticut case, which states that exhaustion is not required under RLUIPA. *See Murphy v. Zoning Comm'n*, 223 F. Supp. 2d 377, 382 (2002). However, the plaintiffs in that case were not prisoners, and according to RLUIPA, "[n]othing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995." 42 U.S.C. § 2000cc-2(e) (2006). As previously discussed, the PLRA requires a prisoner plaintiff to exhaust of all administrative remedies before seeking relief through the courts. As such, the language that the plaintiff cites from *Murphy* is not applicable to this case.

Finally, the plaintiff argues that because the defendants have not complied with his discovery requests, he cannot adequately oppose their Motion for Summary Judgment. But the defendants have complied with Plaintiff's discovery requests by answering interrogatories that he gave them. In fact, the Magistrate Judge gave the plaintiff

6

additional time to respond to the summary judgment motion after the plaintiff received Defendants' responses—Plaintiff still did not file a response to the Motion for Summary Judgment.  Plaintiff also mentions that the defendants' acts of destroying and confiscating legal materials from the plaintiff renders nugatory his constitutional right of access to the courts.  Neither of these objections overcomes the fact that Plaintiff failed to exhaust his administrative remedies before bringing this suit.  As such, this court adopts the Magistrate Judge's recommendation, granting the defendants' motion for summary judgment.

### IV.     Conclusion

The court hereby grants the defendants' Motion for Summary Judgment and dismisses the plaintiff's complaint without prejudice for failure to exhaust administrative remedies.  As such, all pending nondispositive motions by the plaintiff are rendered moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 30, 2011                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge